UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DERRICK HARGRESS, | ) | CASE NO.   C05-1338-JCC |
| | ) | CR88-116-JCC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #5). In the petition, petitioner challenges various aspects of the period of supervised release following his imprisonment. Respondent has filed a response. (Doc. #18). Having considered the petition and the response, the court recommends for the reasons set forth below that the petition be construed as a successive § 2255 motion and transferred to the Ninth Circuit Court of Appeals.

## PROCEDURAL HISTORY

After pleading guilty to one count of selling cocaine within 100 feet of a school and one

REPORT AND RECOMMENDATION
PAGE -1

count of using a firearm, petitioner was sentenced in 1988 to 25 years in prison. (Case No. CR88-116C). This sentence was reduced to 20 years in 1997, after the firearm count was vacated when the court granted, in part, a § 2255 motion filed by petitioner. (Doc. #13 in Case No. C96-976C).

On March 16, 2005, petitioner was released from custody. (Doc. #18 at 3). On August 14, 2005, the United States Parole Commission found probable cause to revoke petitioner's parole. (*Id.*, Ex. Y). A hearing was set for November 17, 2005.[1] (*Id.*, Ex. CC). On August 25, 2005, petitioner filed the instant habeas petition under 28 U.S.C. § 2241. (Doc. #5). On November 28, 2005, respondent filed its response. (Doc. #18). Petitioner has not filed a reply and the matter is ready for review.

## DISCUSSION

Petitioner raises the following claims in his petition:

1. [Petitioner] contends that being sentenced to both parole and supervised release was unlawful.

2. Petitioner was not given full credit towards his original sentence for all good time earned.

(Doc. #5 at 3).[2]

Respondent argues at the outset that petitioner's first claim should be construed as a challenge to petitioner's sentence and therefore treated as a motion under 28 U.S.C. § 2255.

---

[1] The results of this hearing are unknown.

[2] In addition, petitioner argues in a separate motion that he has been improperly held without a hearing on the parole violations. (Doc. #14). However, that claim appears to be moot because a hearing was scheduled to be held on November 17, 2005. (Doc. #18, Ex. CC).

Because petitioner has already filed a § 2255 motion, respondent argues, the instant claim would be a successive motion and must pass through the "gateway" established by statute and Ninth Circuit Rule.  *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3(a).  In addition, respondent argues that petitioner has not presented his second claim for review by the appropriate federal agency, and he therefore has not exhausted his administrative remedies.  Consequently, respondent contends that petitioner's second claim should be dismissed.  *See Martinez v. Roberts*, 804 F. 2d 570, 571 (9th Cir. 1990).

Petitioner has not replied to the procedural arguments set forth above.  Upon review of the record, it appears that respondent's arguments are well-founded.  Petitioner's first claim, by its terms, challenges the validity of his sentence.  In addition, at the close of the memorandum petitioner attached to his petition, petitioner asks the court to "*resentence* him under new law [sic]."  (Doc. #5, Attached Memorandum at 7) (emphasis added).  Therefore, it appears that petitioner is seeking to vacate his original sentence through the instant petition.  Because that remedy is available solely via a motion brought pursuant to 28 U.S.C. § 2255, *see Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000), and because petitioner has already had one such motion adjudicated by the court, the petition here should be construed as a successive § 2255 motion and transferred to the Ninth Circuit.

Petitioner's second claim, that his good time credits have not been properly counted against his sentence, does not appear to have been raised by petitioner to the Bureau of Prisons.  (*See* Declaration of Margret A. Ogden, Attachment A to Doc. #18).  "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court."  *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1990).  "The

REPORT AND RECOMMENDATION
PAGE -3

Bureau of Prisons has established an administrative remedy by which an inmate in a federal prison may seek review of any aspect of imprisonment." *Id.* Because it appears that petitioner has not availed himself of this procedure to raise his claim regarding good time credits, the claim here should be dismissed.

### CONCLUSION

For the foregoing reasons, petitioner's habeas petition should be construed as a successive § 2255 motion and transferred to the Ninth Circuit. A proposed Order is attached.

DATED this 18th day of January, 2006.

Mary Alice Theiler
United States Magistrate Judge